UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BREIONE WALKER,

Plaintiff,

v. Case No. 24-CV-1624

CRYSTAL GRUBER,

Defendant.

**DECISION AND ORDER**

Plaintiff Breione Walker is currently incarcerated at Stanley Correctional Institution and is proceeding *pro se* in this 42 U.S.C. § 1983 case. Plaintiff is proceeding on an Eighth Amendment deliberate indifference claim in connection with allegations that Defendant Crystal Gruber failed to treat Plaintiff's chronic pain from a dislocated toe. Defendant filed a motion for summary judgment on June 30, 2026. (ECF No. 29.) In a notice and order, the Court reminded Plaintiff that under Civil Local Rule 56(b)(2) Plaintiff's response materials were due by July 30, 2026. (ECF No. 33.) The Court warned Plaintiff that if Plaintiff failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. The deadline has passed, and Plaintiff did not respond to Defendant's motion for summary judgment.

The Court has reviewed Defendant's motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed true as a result of Plaintiff's failure to respond, the Court finds that Defendant exercised professional judgment when she determined that surgery was not medically

necessary and that she reasonably pursued alternative treatment options, including placing orders for orthotics, aspercreme with lidocaine, and physical therapy. No jury could reasonably conclude that Defendant was deliberately indifferent to Plaintiff's chronic pain caused by a dislocated fifth toe on the left foot. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (noting that courts will not interfere with decisions to pursue a particular course of treatment unless the decisions significantly depart from accepted professional standards). Defendant is therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (ECF No. 29) is **GRANTED**. This case is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 17, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.